| | | |
|---|---|---|
| JENNIFER JOHNSON, | ) | |
|         Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-06089-CV-SJ-FJG |
| | ) | |
| PONDEROSA TRAILERS, | ) | |
| A DIVISION OF CENTRAL ARKANSAS | ) | |
| FABRICATION, INC., et al., | ) | |
|         Defendants. | ) | |

# ORDER

Pending before the Court is defendant's motion for summary judgment (Doc. No. 41) and suggestions in support (Doc. No. 42) and defendant's motion to bifurcate (Doc. No. 44) and Suggestions in Support (Doc. No. 45).

## I. BACKGROUND [1]

In her complaint, plaintiff Jennifer Johnson ("Johnson") has alleged three theories of liability against defendant Central Arkansas Fabrication, Inc., d/b/a Ponderosa Trailers ("Ponderosa"): (1) negligence, (2) strict liability, and (3) breach of implied warranty. Ponderosa seeks summary judgment on all three counts.

On or about July 11, 2002, Dane Greathouse ("Dane") was driving along Highway 152 in Platte County, Missouri while towing a trailer. The trailer separated from Dane's vehicle and struck Johnson's vehicle causing her bodily injury. An investigation revealed

---

[1] In accordance with Local Rule 56.1(a), "[a]ll facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the opposing party." See Ruby v. Springfield R-12 Public School Dist., 76 F.3d 909, 911 n. 6 (8th Cir. 1996). Accordingly, all facts set forth in the Court's statement of facts will be taken from defendant's motion for summary judgment (Doc. No. 41) and its suggestions in support (Doc. No. 42) unless otherwise specified.

that the hitch ball on Dane's vehicle, where the trailer's coupler was attached, had become loose from the vehicle's bumper. After the accident, the owner of the trailer, Robert Greathouse ("Greathouse"), sold the trailer's tongue and hitch assembly for scrap. At the time of the accident, there was chain welded on to the trailer that flipped around the ball of the towing vehicle.

Greathouse believes the manufacturer of the trailer was Ponderosa; however, he is not absolutely certain. Ponderosa does business as Central Arkansas Fabrication, Inc., and is in the business of manufacturing trailers. A Ponderosa stock trailer's serial number is normally located on the nose portion of the trailer; however, the nose of the trailer had been removed after the accident. Greathouse does not have a bill of sale or other documentation, which identifies the manufacturer, make, or model of the trailer. Any documentation Greathouse had regarding the trailer was destroyed in a house fire; however, he recalls that "Ponderosa" was listed as the trailer's manufacturer on the title he received when he purchased the trailer from an individual. Greathouse has always registered the trailer as a homemade trailer. He recalls seeing at one time the name "Ponderosa" on the trailer. Greathouse does not know if the chains on the trailer had been modified or replaced before he owned the trailer. The only alteration Greathouse made to the trailer was removing the top half of it.

A Ponderosa logo appears on the side of the trailer, near a wheel well, and at some point, Ponderosa manufactured its stock trailers with that logo on the side.[2] Ponderosa

---

[2]Johnson also offers the opinion of Dr. Ken Blundell, a purported expert, to offer his opinion as to the identity of the trailer's manufacturer. Johnson failed to provide an expert affidavit for Dr. Blundell conforming with Rule 26(a)(2) and the Amended Scheduling Order, ¶ 7 (Doc. No. 30). Furthermore, Dr. Blundell's testimony was taken

sells its logo to the general public via the internet. Wes Camp ("Camp"), Ponderosa's president, testified that other than the Ponderosa logo on the trailer, there was nothing to indicate that the trailer was manufactured by Ponderosa. Camp could not confirm whether the Ponderosa logo had been painted on by Ponderosa or by someone else. The trailer's coupler was the same brand that Ponderosa utilized for its stock trailers before 2003; however, Camp noted that it was a common brand.

To Camp's knowledge, Ponderosa has always manufactured its bumper-pull trailers with a safety chain with hooks that connect to the towing vehicle since the company's inception. Ponderosa purchases pre-assembled safety chains which it attaches to its trailers. Ponderosa does not maintain records or diagrams of its stock trailers that were assembled before July 11, 2002.

## II.    STANDARD OF REVIEW

Summary judgment is appropriate if the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). The facts and inferences are viewed in the light most favorable to the nonmoving party. Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-590 (1986). The moving party must carry the burden of establishing both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Matsushita, 475 U.S. at 586-90.

---

without prior consent from the Court as required by the Scheduling Order. For those reasons, the Court strikes Dr. Blundell as an expert witness and will disregard his testimony and report.

Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence must set forth facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Lower Brule Sioux Tribe v. South Dakota, 104 F.3d 1017, 1021 (8th Cir. 1997). To determine whether the disputed facts are material, courts analyze the evidence in the context of the legal issues involved. Lower Brule, 104 F.3d at 1021. Thus, the mere existence of factual disputes between the parties is insufficient to avoid summary judgment. Id. Rather, "the disputes must be outcome determinative under prevailing law." Id. (citations omitted).

Furthermore, to establish that a factual dispute is genuine and sufficient to warrant trial, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the facts." Matsushita, 475 U.S. at 586. Because the facts are viewed in a light most favorable to the non-moving party, the court does not weigh evidence or assess a witness's credibility. Kammueller v. Loomis, Fargo & Co., 383 F.3d 779, 784 (8th Cir. 2004).

### III. DISCUSSION

Ponderosa primarily argues that it should be granted summary judgment in its favor because Johnson has not established two necessary, threshold matters relating to all of her claims. First, Johnson has not established that Ponderosa manufactured the trailer that injured her. Second, even if Ponderosa manufactured the trailer, Johnson has not presented any evidence to demonstrate that the trailer had not been modified from its originally manufactured condition.

### A. Negligence

Johnson's complaint alleges that Ponderosa was negligent, specifically for its manufacture or distribution of a trailer without a safety chain; its failure to adequately warn that the trailer lacked a safety chain; and its failure to comply with governmental and industry requirements relating to a trailer's safety chain.

Generally, in an action for negligence, a plaintiff must demonstrate, that the defendant owed a duty to the plaintiff, and that the defendant breached that duty, which caused plaintiff's injury. Scheibel v. Hillis, 531 S.W.2d 285, 288 (Mo.1976) (en banc). To state a cause of action for negligence under any of Johnson's theories, she must first demonstrate that it was Ponderosa that in fact manufactured the trailer in question thereby owing a duty to Johnson. Ponderosa contends that Johnson has not, and cannot, show that Ponderosa manufactured the trailer, and thus cannot establish that Ponderosa owed any duty of care to Johnson.

Johnson has offered Greathouse's testimony to support the fact that Ponderosa manufactured the trailer. Greathouse believes that the title he received from the previous owner listed Ponderosa as the manufacturer of the trailer. However, any documentation Greathouse had relating to the trailer was destroyed in a house fire, and Greathouse was not absolutely certain that Ponderosa was listed on the title. Although Greathouse is not entirely certain if Ponderosa was the listed manufacturer, the Court does not weigh the evidence or assess a witness's credibility when determining whether summary judgment is appropriate. In addition, Ponderosa's president acknowledged that a Ponderosa logo appeared on the trailer in question, though he does not know for certain whether Ponderosa actually placed the logo on the trailer. Drawing all reasonable inferences in favor of the non-movant, there is a genuine issue of material fact as to whether Ponderosa

manufactured the trailer based on Greathouse's testimony and the Ponderosa logo found on the trailer.

However, Johnson must also prove that Ponderosa breached its duty of care. Johnson alleged in her complaint that Ponderosa was negligent because it failed to install safety chains or another device that would secure the trailer to the towing vehicle. Johnson has not submitted any evidence to support the fact that Ponderosa manufactured the trailer in question without a safety chain or other securing device. Instead, Johnson points out that Ponderosa does not possess any documents relating to the trailer in question as well as the fact that the chain attached to the trailer at the time of the accident was not a safety chain. Even if these facts are true, it does not relieve plaintiff of her burden of establishing that Ponderosa negligently manufactured the trailer by not providing safety chains, as Johnson alleges in her complaint.

While sufficient circumstantial evidence may support a verdict in plaintiff's favor on a claim, the plaintiff bears the burden of "establishing circumstances from which the claim may be inferred without resort to conjecture and speculation." Peters v. General Motors Corp., 200 S.W.3d 1, 18 (Mo. App. Ct. W.D. 2006). "Evidence that points equally to a cause for which the defendant is responsible and to one for which the defendant is not responsible is not sufficient to make a submissible case." Id. The fact that the trailer did not have a safety chain or securing device at the time Greathouse purchased the trailer does not necessarily establish that the trailer was originally manufactured without a safety chain. At best, the non-existence of a safety chain or securing device is circumstantial evidence of the trailer's original condition. Based on Greathouse's affidavit, he bought the trailer from another individual; however, Johnson has not offered testimony from previous

owners to establish the condition of the trailer as originally purchased or even evidence indicating the length of time since the original purchase of the trailer. Ponderosa's president testified that, based on his knowledge, each bumper-pull trailer was fitted with a safety chain. The evidence provided is not sufficient to submit the case to a jury.[3]

Johnson has only offered conjecture and speculation to support her allegation that the trailer in question lacked a safety chain or other securing device thus Johnson cannot establish that Ponderosa breached a duty owed to Johnson. Therefore, Ponderosa is entitled to a judgment in its favor as a matter of law, and the Court **GRANTS** summary judgment in favor of Ponderosa for Johnson's negligence claim.

**B.     Strict Liability**

Johnson also brings a strict liability claim against Ponderosa alleging that it should be held liable because the trailer left Ponderosa's control in an unreasonably dangerous condition because it did not have safety chains, and it failed to warn users of that condition.

Under Missouri law, in order to recover under the theory of strict liability for defective manufacture or failure to warn, a plaintiff must prove, among other elements, that she was harmed as a result of a defective or dangerous condition as *existed when the product was sold*. Tune v. Synergy Gas Corp., 883 S.W.2d 10, 13 (Mo. 1994) (en banc); Jasinski v. Ford Motor Co., 824 S.W.2d 454, 455 (Mo. Ct. App. E.D. 1992). The Jasinski Court noted that the plaintiff bears the burden of proving that the user or a third party has not altered the product thus creating a defect that proximately caused the injury. 824 S.W.2d at 455.

---

[3]Ponderosa also argues that it did not have a duty to warn with respect to the absence of a safety chain because it was an open and obvious danger. Since the Court has decided that Johnson is unable to establish a prima facie case for negligence, the Court does not address this issue.

A third-party's modification that makes a product unsafe may relieve a manufacturer of liability despite the foreseeability of the modification. Jones v. Ryobi, Ltd., 37 F.3d 423, 425 (8th Cir. 1994); Gomez v. Clark Equipment Co., 743 S.W.2d 429, 432 (Mo. Ct. App. W.D. 1987).

Here, Plaintiff has alleged in her complaint that the trailer reached the ultimate user without substantial change in its originally manufactured condition. Johnson claims that the trailer was unreasonably dangerous when it left Ponderosa's control because it did not have a safety chain. Johnson bears the burden of demonstrating that someone other than Ponderosa did not modify or remove the safety chain from the trailer. However, as discussed above, Johnson has failed to produce sufficient evidence to create a genuine issue of material fact as to whether the trailer was substantially modified from its originally manufactured condition with regards to the safety chain.

Therefore, Ponderosa is entitled to judgment as a matter of law because Johnson has not produced evidence in support of an essential element to her strict liability claim. The Court **GRANTS** summary judgment in favor of Ponderosa on Johnson's strict liability claim.

### C. Breach of Implied Warranty

Finally, Johnson alleges that Ponderosa breached its implied warranty of merchantability by selling a trailer without safety chains, and as a proximate and direct result of the breach, Dane Greathouse, the trailer's user at the time of the accident, was not adequately warned of the trailer's danger, which resulted in Johnson's injuries. Again, Ponderosa reiterates its argument that Johnson has not established that Ponderosa

8

manufactured the trailer or that the trailer was in substantially the same condition as when originally manufactured, and therefore, her breach of warranty case should fail as a matter of law. As discussed above, Johnson has not offered evidence to show that Ponderosa in fact failed to provide a safety chain or that the safety chain was not modified or removed after the trailer left Ponderosa's control. Therefore, Johnson cannot establish that Ponderosa breached its implied warranty by providing a trailer without safety chains.

In addition, Johnson's breach of warranty claim also fails as a matter of law because she has not alleged or provided evidence to demonstrate that the warranty extended to her. To establish either a breach of implied warranty of merchantability or express warranty, the plaintiff bears the burden of showing that the merchant's warranty extends to her. Hays v. Western Auto Supply Co., 405 S.W.2d 877, 883 (Mo. 1966). Under Missouri law, an implied warranty extends to the purchaser of a product, a member of the purchaser's family or household, or a guest in the purchaser's home who is injured by the product and where it is reasonably expected that the guest would be affected by the product. Leonard v. BASF Corp., 2006 WL 3702700, at *5 (E.D. Mo. 2006)(quoting Mo. Rev. Stat. § 400.2-318); see also Tell v. American Steel Foundries, 529 F. Supp. 337, 344 (E.D. Mo. 1981); MAI 25.08 n. 2 (2002). Johnson has not introduced any evidence which would allow the Court to find that the implied warranty made by Ponderosa extends to her as she was not the trailer's purchaser, or in privity with the purchaser, a member of the purchaser's household, or purchaser's houseguest.

Therefore, Ponderosa is entitled to judgment as a matter of law, and the Court **GRANTS** summary judgment in favor of Ponderosa on Johnson's breach of implied warranty claim.

9

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** defendant's motion for summary judgment (Doc. No. 41) and **DENIES** defendant's motion to bifurcate (Doc. No. 44) as **MOOT**.

**IT IS SO ORDERED.**

Date: 9/17/08
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge

10

Case 5:07-cv-06089-FJG   Document 64   Filed 09/17/08   Page 10 of 10